## IN THE MATTER OF THE ESTATE OF PACHECO.

JUDGMENT OF SUPREME COURT THE LAW OF A CASE.—The judgment of the Supreme Court in a case becomes the law of the case in all its stages, unless the conditions on which it was founded are so changed as to render its accomplishment impracticable.

APPOINTMENT OF EXECUTORS.—The judgment of the Supreme Court, settling the right of two persons to be appointed executors of an estate, should be carried into effect by the Probate Court, notwithstanding the death of one of the persons before the Probate Court acts on the matter.

NOTICE OF APPEAL.—A notice appealing from all orders made by a Probate Court in the case on a certain day, is sufficient to cover any appealable order made on that day.

APPEAL from the Probate Court, Santa Clara County.

The notice of appeal stated that an appeal was taken from the order of the Probate Court made September 3d, 1864, denying the petition of Penniman and others for the removal of Emeric, and refusing to appoint Penniman, and from all orders and decisions made by the Court in that behalf on that day.

The other facts are stated in the opinion of the Court, and in 23 Cal. 476.

*Thomas A. Brown*, for Appellant, argued that the judgment in 23 Cal. 476, was the law of the case, and cited *Phelan*

v. *San Francisco*, 20 Cal. 44; *Leese* v. *Clark*, 20 Cal. 416; *Davidson* v. *Dallas*, 15 Cal. 83; and *McMillan* v. *Richards*, 12 Cal. 468.

*Clarke & Carpentier*, for Respondent, argued that the death of Rosa Pacheco De Sibrian, daughter of the deceased, so changed the condition of affairs that the judgment of the Supreme Court was not binding, and that Penniman, having no unqualified right to have Emeric removed, but his right depending on Rosa Pacheco's petition, his right had ceased with her death, and cited *In the matter of the Estate of Carr*, 25 Cal. 585.

By the Court, CURREY, J.

The proceedings with which this case stands immediately connected may be found detailed in the case of the same title reported in 23 Cal. 476.

Upon filing in the Probate Court the remittitur of the Supreme Court in the case reported as above, on the 17th of August, 1864, the Probate Court made an order revoking the letters of administration before then granted to Joseph Emeric, and directing him to account, and by the same order appointed H. P. Penniman, administrator of the estate of said Pacheco, deceased, with the will annexed, to whom it was directed that letters of administration be issued. Soon after this, upon the application of Emeric, the Probate Judge made an order requiring Penniman to show cause why the order made on the 17th of August should not be vacated and set aside. Afterwards, on the 3d of September, the Probate Court made an order revoking the order made on the 17th of August. On the same day Penniman again moved the Court, upon the authority of the judgment of the Supreme Court, to revoke the letters of administration before then issued to Emeric, and for an order appointing him, Penniman, administrator of the estate, in accordance with the petition. This application was

opposed by Emeric, on the ground that Rosa Pacheco De Sibrian was dead, and that Penniman's right to have Emeric removed, if he ever had any, terminated with the death of Rosa Pacheco. The Probate Court made an order denying the application, on the ground that Rosa Pacheco was dead, and that it was impossible for the Court to enter an order in pursuance of the judgment of the Supreme Court. To the decisions made on the 3d of September, the petitioner's counsel excepted, and has appealed from the orders made on that day. The notice of appeal from the order revoking the one made on the 17th of August is quite general in its terms, but we must hold it sufficient under the Act entitled "An Act to regulate appeals in this State," (Laws, 1861, p. 589.)

### Law of a case.

The judgment of the Supreme Court to which we have referred was the law of the case, which the Probate Court was in duty bound to follow, unless the death of Rosa Pacheco so changed the conditions on which it was founded as to render its accomplishment impracticable. The Supreme Court in the case in 23 Cal. 481, reversed the orders appealed from, and directed the Court below to enter an order in accordance with the opinion delivered. The Court decided that both Rosa Pacheco and Penniman were entitled to be appointed to administer upon the estate. Notwithstanding the death of Rosa Pacheco, we do not perceive that any tenable objection could be made to carrying the judgment into effect to the extent that it could be done by the appointment of Penniman in accordance with the petition. The parties concerned preferred that Penniman should be intrusted with the administration of the estate rather than Emeric, from whom they were seeking an account; and even after the death of Rosa Pacheco, the surviving petitioners still urged the Probate Court to appoint Penniman administrator. We think the direction of the Supreme Court would have been carried into effect substantially had the order applied for after the remittitur from

the Supreme Court was filed, and which in the first instance was granted, been allowed to stand.

Therefore the order revoking the order made and entered on the 17th of August, 1864, must be and is hereby reversed, and the Court below is directed to restore the last mentioned order, and to require Emeric to account, and surrender the estate to Penniman, administrator thereof. And it is further ordered and adjudged, that the appellant have and recover of and from the respondent the costs of this appeal.

Mr. Justice RHODES, being disqualified, did not sit in this cause.