[No. 6,792—Department One.]

## ESTATE OF ISABELLA KEANE, Deceased.

ESTATES OF DECEASED PERSONS—APPEAL.—An order refusing to revoke letters of administration is not appealable; and an order denying a new trial, when made upon a motion to review or vacate an unappealable order, is unappealable. Ross, J., specially concurring in the judgment, was of the opinion, that in all cases which admit of a motion for a new trial, an appeal lies from an order denying the motion; and further, that the only proper disposition to make of an appeal from an appealable order is to dismiss it.

ID.—ADMINISTRATORS AND EXECUTORS.—Where one who is entitled to administer upon an estate waives his right, or refuses to make application, and the Court appoints some one else, it is not error to refuse to revoke the grant of letters, on the application of him who had waived his right or refused to make application in the first instance.

APPEAL from an order refusing to revoke letters of administration issued to respondent, and to issue letters to appellant, and from an order denying a new trial, in the Probate Court of Marin County. ALMY, J.

*E. B. Mahon,* for Appellant.

*S. L. Rogers,* for Respondent.

McKEE, J.:

John Keane, as surviving husband of Isabella Keane, deceased, applied by petition to the Probate Court of Marin County for revocation of letters of administration which had been granted by the Court to Helen Rutherford, the surviving mother of the deceased, and to grant letters of administration upon the estate to him. The application was made upon the grounds, that he was entitled to administer upon the estate; that the mother had been appointed without his knowledge or consent; that she was seventy years old, and mentally incompetent; that she had never filed or rendered an account or exhibit of the estate; and that she is incapable of executing the duties of her trust as administratrix, "by reason of improvidence and want of understanding." The truth of these averments was denied by the administratrix.

Upon the hearing, the Court found, among other things, that, before the grant of letters of administration to the mother, the husband had refused to administer upon the estate; that the estate consisted of personal property, of which the administratrix had returned and filed a correct inventory; that she had also published notice to creditors, and had otherwise duly and justly performed all the duties of her trust as such administratrix; and that she is a proper and competent person to administer upon said estate.

Upon this finding, the Court made the following order: "In the matter of the petition of John Keane for letters of administration of said estate : It is hereby ordered, that the said petition and application be denied." A motion was then made to vacate this "judgment and order," and grant a new trial, which was denied; and from the judgment, and order of refusal to revoke, and the order overruling the motion for a new trial, comes this appeal.

An order refusing to revoke letters of administration is not appealable. (§ 969, Code Civ. Proc.; *Estate of Montgom-*

*ery*, 55 Cal. 210.) An order, however, overruling a motion for a new trial is appealable. (§ 969, *supra*.) But such an order must itself be unappealable when made upon a motion to review or vacate a final order or judgment which is unappealable; for in law, it is not permitted to do indirectly what is forbidden to be done directly. It could not, therefore, have been the intention of the Legislature to grant an appeal from an order overruling a motion for a new trial in a case or proceeding where it prohibited an appeal from the final order or judgment sought to be reviewed.

It is urged, that the appeal is not only from an order of refusal to revoke letters of administration, but also from an order refusing to grant letters of administration upon the estate, which last order is appealable. But it is clear that there cannot be two opposing administrations of one estate at one and the same time. Until revocation of one grant of letters, there cannot be a new grant. Until removal of an administrator already appointed, no new administrator can be appointed. It is not, therefore, error to refuse letters of administration where there is already a duly appointed and qualified administrator. The case of the *Estate of Pacheco*, 29 Cal. 224, is not in point, for the appeal in that case was taken under a statute which authorized an appeal from an order refusing to revoke letters testamentary or of administration (Stats. 1855, p. 301); and that continued to be the law until the adoption of the Code, which took away the right of appeal for refusing to revoke a grant of such letters.

Nevertheless, if the orders which we are asked to review were appealable, still the record does not affirmatively show error. The principal assignment of error is, that the evidence was insufficient to justify the finding. But it cannot be said, that there was no evidence in the case to sustain the finding. Five witnesses, including the applicant, testified, that in their opinion the administratrix was incompetent to administer upon the estate; three witnesses, including the administratrix herself, testified to her competency. The weight of testimony is not always with numbers. All that can be said is, that the testimony was conflicting; and although we may entertain a doubt as to the correctness of the conclusion reached by the Probate Court, yet we cannot say that it erred in finding that the ad-

ministratrix was a fit and competent person to discharge the duties of her trust. Nor can it be said, that the evidence was insufficient to sustain the finding that the petitioner had refused several times to make application for letters of administration upon the estate, before the grant of letters to the mother of the deceased; the evidence clearly establishes the fact. Now, where one who is entitled to administer upon an estate waives his right to be appointed, or refuses to make application for letters of administration when requested to do so, the Probate Court may appoint any one else who is entitled to letters (§ 1377, Code Civ. Proc.); and, after it has done so, it would not be error to refuse to revoke the grant of letters on the application of him who had waived his right or refused to make application in the first instance.

Judgment and order affirmed.

Mr. Justice McKINSTRY concurred in the judgment.

Ross, J., concurring:

I concur in the affirmance of the judgment and order, but I am unable to concur in that portion of the opinion of Mr. Justice McKEE, wherein he holds that the order is not appealable, and yet proceeds to review it on the merits, and as the result of that review, *affirms* it. I think it clear, that, if the order is not appealable, the appeal from it should be dismissed. I think, too, that if it be conceded, as seems to be done in the opinion, that the case is one which admitted of a motion for a new trial, the right to appeal from the order denying the motion cannot be doubted. Section 969 of the Code of Civil Procedure gives the right of appeal from an order of the Probate Court refusing a new trial. No exception is made in the statute, and I do not understand that the Courts have power to interpolate one. Of course, the order must have been made in a case which admitted of a motion for a new trial; and it seems to me, that if no appeal lies from the order here in question, it could only be because the case did not admit of such a motion, and not for the reason stated by my brother.