[L. A. No. 4589.  Department One.—November 14, 1918.]

## B. REGOLI, Appellant, v. H. J. STEVENSON, Respondent.

APPEAL.—ORDER DENYING NEW TRIAL—REVIEW OF ERROR.—Under section 963 of the Code of Civil Procedure, no appeal lies from an order denying a motion for a new trial, but the alleged erroneous ruling is reviewable upon a proper record on appeal from the judgment as provided in section 956 of the Code of Civil Procedure.

ID.—INSUFFICIENCY OF EVIDENCE—FAILURE TO SPECIFY.—In the absence of specifications in the bill of exceptions wherein the evidence is insufficient to support the findings, the question cannot be reviewed on appeal.

ID.—MOTION FOR NEW TRIAL—AFFIDAVITS—LACK OF AUTHENTICATION.—Affidavits claimed to have been used on a motion for a new trial which are not included in the bill of exceptions or authenticated in any manner cannot be considered in reviewing the ruling of the court in denying a motion for a new trial.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Lewis R. Works, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Winslow P. Hyatt, and Henry G. Bodkin, for Appellant.

F. J. Spring, J. S. Roche, and J. H. Welsh, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—Plaintiff sued defendant for the breach of a written contract whereby it is alleged the latter, for a specified sum per foot, agreed to bore a well *on plaintiff's land* in section 22, to a depth of 250 feet. Defendant denied the allegations of the complaint essential to plaintiff's recovery, and, by a separate pleading, alleged the making of an oral contract with plaintiff to bore a well on land other than that owned by plaintiff in section 22, for which plaintiff agreed to pay him the reasonable value of his services, alleged to be $350, and upon which defendant admitted the payment of $150.

The court found that plaintiff and defendant entered into a written contract, copy of which was attached to the complaint, under which it was plaintiff's duty to designate a point on the northeast quarter of said section, in which plaintiff held a qualified interest and to which the contract related,

CLXXIX Cal.—17

as the place where defendant should bore said well; but that plaintiff never at any time designated such point where defendant should bore the well, which fact rendered it impossible for defendant to perform his said contract. The court further found as a fact that defendant, at the special instance and request of plaintiff, performed fourteen days' work in boring a well on the *northwest* quarter of said section, in which plaintiff had no interest, for which he agreed to pay the defendant the reasonable value thereof, found to be $350, and on account of which $150 was paid.

In accordance therewith judgment was entered, from which, and an order denying his motion for a new trial, plaintiff on December 10, 1915, appealed.

Under section 963 of the Code of Civil Procedure, no appeal lies from the order denying plaintiff's motion for a new trial, but the alleged erroneous ruling is reviewable upon a proper record on appeal from the judgment as provided in section 956 of the Code of Civil Procedure.

That the findings support the judgment must be conceded; indeed, we do not understand appellant to raise any question upon this point.

In his brief, counsel argues that certain of the findings upon which the judgment is based are not supported by the evidence, but the bill of exceptions wholly fails to specify the particulars wherein the evidence is insufficient to support such findings; nor, indeed, are any errors specified therein. In the absence of such specifications of the particulars wherein the evidence is insufficient to support the findings, the question cannot be reviewed on appeal. (*Adams* v. *Hopkins,* 144 Cal. 19, [77 Pac. 712]; *Citizens' Bank* v. *Jones,* 121 Cal. 32, [53 Pac. 354].) However, we may say that, notwithstanding such defect in the record, we have examined the evidence upon which the findings are based, and the most that can be claimed is that a substantial conflict is presented.

The affidavits claimed to have been used on the motion for new trial are not included in the bill of exceptions, nor, indeed, authenticated in any manner entitling them to be considered in reviewing the ruling of the court in denying the motion.

The appeal from the order denying plaintiff's motion for a new trial is dismissed and the judgment is affirmed.

Sloss, J., and Richards, J., *pro tem.,* concurred.