[S. F. No. 9559. In Bank.—March 24, 1922.]

HOMER C. PARKER, Respondent, v. E. C. SWETT et al., Appellants.

[S. F. No. 9748. In Bank.—March 24, 1922.]

HOMER C. PARKER, Respondent, v. J. F. CARLSTON et al., Appellants.

[1] WATERS AND WATER RIGHTS—PARTITION—RESERVATION OF WATER RIGHTS—QUIETING TITLE—FORM OF DECREE.—Where easements to take and divert waters from a stream at a certain point are reserved in a deed partitioning land riparian to the stream, in an action to quiet title to the easements the decree is not objectionable in declaring that the plaintiff's right to take the water at the designated point is "part and parcel of" his land, that is, riparian in character, it being the obvious purpose and effect of the easements to provide a means whereby plaintiff could obtain his share of the water and carry it to his land for use thereon in the exercise of his riparian right.

[2] ID.—REOPENING CASE—ADDITIONAL TESTIMONY—DISCRETION.—In such a case, where after the trial had closed and the cause had been submitted to the court for decision it was reopened at the request of one of the parties for the sole purpose of introducing additional testimony to identify the location of the roads and the quarry mentioned in reservations not involved in the present issue, the court did not err in refusing to allow the case to be opened upon other subjects.

[3] ID.—EASEMENTS ACQUIRED BY GRANT OR RESERVATION—DISUSE.—
Where rights or easements are acquired by grant, or by a reser-
vation having the effect of an implied grant, the owner does not
lose them by mere disuse.

[4] APPEAL—SECTION 4½, ARTICLE VI, CONSTITUTION—CONSTRUCTION.
Under section 4½ of article VI of the constitution, the appellate
courts cannot set aside a judgment rendered in the superior court
for any error in the admission or rejection of evidence or in
procedure, unless the court, upon examining the record, shall be
of the opinion that the particular error complained of has re-
sulted in a miscarriage of justice.

[5] JUDGMENTS—EVIDENCE—ESTOPPEL.—Although a judgment in an-
other action had not become final at the time of its admission in
evidence in the present action, but will be final when affirmed at the
time of the decision on appeal in this action, and at that time
will be an adjudication and constitute an estoppel, the ruling
admitting it in evidence cannot result in a miscarriage of jus-
tice.

[6] WATERS AND WATER RIGHTS—RIPARIAN PROPRIETORS—RELATION TO
EACH OTHER.—The rights of riparian proprietors on the same
stream, with respect to each other, are mutual and reciprocal,
neither having a right to the whole stream as against the rights
of the others and each being entitled only to his reasonable
share thereof, considering the rights and needs of the other; and
such rights must be exercised and the use must be made only on
the parcel to which the rights attach.

[7] ID.—EASEMENTS—QUIETING TITLE—JUDGMENT.—In an action to
quiet title to certain easements (reserved in a deed partitioning
lands riparian to a stream) to take and divert waters at a
certain point, it is not proper for the decree to provide that
the defendant cannot use the waters, or any part of them, on
a certain tract of land, except to supply water for drinking
purposes to domestic animals pasturing thereon during a certain
period of each year, as it is not within the province of the court
thus to limit the riparian use of water. The owner of the tract
may use all the water at any place on that tract, provided it is
not consumed and is all returned to the channel before it passes
the boundary of the tract, and there may be years when pasturage
on the tract will be available at other times of the year than
that allowed by the judgment, in which event the use of the
water for drinking should not be forbidden.

3. Mere nonuser as operating to extinguish an easement, notes,
1 A. L. R. 884; 9 A. L. R. 423; 18 L. R. A. 535.

6. Nature of riparian rights, notes, 9 Ann. Cas. 1235; **Ann. Cas.**
1913E, 709; Ann. Cas. 1915C, 1026; 41 L. R. A. 744.

APPEALS from judgments of the Superior Court of Napa County. Henry C. Gesford, Judge. Judgment in S. F. No. 9559 affirmed; judgment in S. F. No. 9748 vacated, with direction for entry of judgment in accordance with opinion of Supreme Court.

The facts are stated in the opinion of the court.

R. P. Henshall for Appellants.

Samuel C. Wiel, Clarence N. Riggins and William E. Colby for Respondent.

SHAW, C. J.—The above-entitled cases were tried separately and at different times. Separate judgments were given and separate appeals were taken. They both concern the same property and rights, and the points involved are so closely connected that it will simplify matters to decide them in one opinion. We will treat each case separately in the order of their respective numbers.

Case S. F. No. 9559.

This is an action to quiet the alleged title of the plaintiff to certain easements, against the claims of the defendants. This is the second appeal in the cause. The decision on the first appeal was made by the district court of appeal on February 26, 1919, reversing, in part, the judgment of nonsuit previously rendered by the trial court. (40 Cal. App. 68 [180 Pac. 351].) Thereafter a new trial was had in the court below and judgment was given for the plaintiff. The defendants Swett and Grange appeal.

The defendant Grange, by his answer, disclaimed all interest in the matter set up in the complaint. We are at a loss to understand why he joined in the appeal. But it is obvious that, as to him, the judgment must be affirmed. The matters involved in the present appeal concern only the plaintiff Parker and the defendant Swett.

On or about May 7, 1890, Thompson and Chase, predecessors in interest of both parties, were the owners as tenants in common of the 722 acres of land to which the rights and easements here involved pertain. A small stream, known as Chase Creek, rising in the hills northeasterly of said tract, enters the land near the northeast corner and

runs westerly for a considerable distance and then southerly through the tract to the southern boundary thereof. On May 7, 1890, a partition was effected between said parties by which the southern portion, containing 298 acres, was given to Thompson, and the northern portion, containing 424 acres, to Chase. The boundary line between them was a line running through the central part of the tract from a point on the western line, north 68½ degrees east, to the eastern boundary thereof. The northerly line of the tract was indented by another tract not then owned by the parties. The division line ran along the south line of this other tract and as a result the land partitioned to Chase was cut into tracts, the westerly parcel containing 370 acres, designated herein as "tract 1," and the easterly parcel 54 acres, designated herein as "tract 2." There was a space twenty chains wide between them. The partition was made by deeds whereby each party conveyed to the other his interest in the tract thereby set apart to the other. The easements now in question were set forth in the deed of Thompson to Chase and they were reserved by Thompson as burdens or servitudes upon the northern parcel, tract 1, and as easements appurtenant to the southern parcel. They were five in number, but the only easements now involved are those numbered 3 and 4, which are as follows:

3. "A right to take, use, appropriate, divert, lead and carry away, in pipes or otherwise, one-half of the waters flowing or that may flow, in the stream on said premises, to be taken at or near the point where the waters of said stream are now partially diverted in pipes leading to the dwelling on said premises";

4. "The right of way for a line of pipe for water from the point where said waters may be diverted over, across, in and through said premises to the said adjoining tract on the south, such pipe to be laid so as not to interfere with the proper cultivation of said premises, and also the right at all times to enter in and upon said premises for the purpose of viewing, changing, repairing or preserving said pipe that may be so laid, and making and maintaining a proper division of said water.

The point of diversion of the water mentioned in number 3 is situated near the northeast corner of the tract

1, now owned by Swett. The third reservation, it may be noted, reserved to Thompson as an appurtenance to the tract conveyed by Chase to him, the right to take and use "one-half of the water flowing or that may flow" in Chase Creek at said point of diversion on tract 1, designated in the record as the "1890 point."

The judgment declares that the plaintiff, as against the defendants, is the owner of the right to have Chase Creek flow naturally and undiminished to said point of diversion and to take out at that point one-half of the water thereof there flowing and carry it away in pipes or otherwise and use the same, and that said right is appurtenant to "and *part and parcel of*" plaintiff's said land; that plaintiff is also the owner of a right of way for a pipe-line, to be laid in and along the bed of Chase Creek from said point of diversion to plaintiff's tract of land, and of the right to enter on the Swett land to view, examine, change, repair, or preserve the pipe so laid, and to make and maintain a proper division of said water, which rights are also declared to be appurtenant to the plaintiff's land.

The appellants claim that these provisions of the judgment assume that the partition deeds granted to the plaintiff, an interest in the stream, and that this is contrary to the decision of the district court of appeal on the previous appeal which has now become the law of the case. We do not so understand the previous opinion. That opinion shows that after this partition Chase acquired the tract designated in the record as "Tract 3," being the land lying between tracts 1 and 2 set off to him by the partition, and it declares that the deeds show no intention to convey anything but a right to the use of the water which could be obtained on the northern half of the original tract of land at the place called the point of diversion, the northern one-half referred to being the aforesaid tract 1. This right would constitute an interest in the stream flowing at that point, and in the water to be obtained there. But this is not inconsistent with the fact that the right so secured to Thompson was a riparian right and a part of the riparian right in the stream which was part and parcel of the entire original undivided tract before the partition. Thompson was a half owner in these rights as well as of the land of which they were part. The intention of the partition being to divide the land between

them and set off to each in severalty his due proportion thereof, such intent would include the riparian rights in the stream. The obvious purpose and effect of the easements reserved to Thompson was to provide a means whereby he could obtain his share of the water and carry it to the land set off to him for use thereon in the exercise of his riparian right. It therefore accomplished a division of the riparian rights by assigning one-half the water to each party, and also a reservation in favor of the Thompson land of easements in the Chase land to enable Thompson to obtain and use the water by taking it out of the stream on the Chase land. Without the reservations he would have had no rights of access at that point. It was not necessary to also expressly reserve the riparian right to one-half of the water, for that would go with the land set off to Thompson, which also abutted on the stream. The insertion of the reservations was an implied recognition of that fact. The opinion also declares that the partition deeds did not transfer or convey any right or interest in the water rights pertaining to tract 3, through which also the stream runs. This must have been so, since neither of them at that time had any interest in tract 3. Afterward, in the year 1895, Chase acquired tract 3, and Swett is now the owner thereof. But his ownership of that land, of itself confers on him, as against other riparian land on the stream, no right in the stream, except to take a reasonable part of the water for any beneficial use on that land, and not elsewhere. [1] We think the present decree is not objectionable in its declaration that the plaintiff's right to take the water at the "1890 point" is "part and parcel of" his land, that is to say, riparian in character.

The judgment proceeds to declare the quantity of water which constitutes the natural flow at the point stated and declares that the plaintiff is entitled to one-half thereof and the defendant to the other half. No complaint is made of this portion of the judgment.

[2] After the trial had closed and the cause had been submitted to the court for decision it was reopened at the request of the appellants for the sole purpose of introducing additional testimony to identify the location of the roads and the quarry mentioned in the reservations not here involved. The court did not err in refusing to allow

the defendant to reopen the case upon other subjects. The matter was discretionary, and there is not even an attempt to show an abuse of discretion.

The appellants insist that the injunction against interference by defendants with the rights adjudged to the plaintiff should have been contingent upon the construction by the plaintiff of a pipe-line from the point of diversion to plaintiff's land. It seems that no such pipe-line has ever been constructed. Inasmuch as these are all vested rights, we can perceive no reason why the court did not have the right to declare that the defendants should be enjoined from interfering therewith. Even if we assume that the right of the plaintiff to take water from the stream does not come to him as a partition of the riparian right attaching to the land, but only by virtue of the reservations in the deeds, it would not be lost by disuse. **[3]** Where rights or easements are acquired by grant, or by a reservation having the effect of an implied grant (*Wood* v. *Boyd,* 145 Mass. 179 [13 N. E. 476]), the owner does not lose them by mere disuse. (*Parker* v. *Swett,* 40 Cal. App. 74 [180 Pac. 351]; *Smith* v. *Worn,* 93 Cal. 206 [28 Pac. 944]; *Currier* v. *Howes,* 103 Cal. 437 [37 Pac. 521]; *Petitpierre* v. *Maguire,* 155 Cal. 250 [100 Pac. 690]; *People* v. *Southern Pac. Co.,* 172 Cal. 701 [158 Pac. 177]; *Copeland* v. *Fairview L. & W. Co.,* 165 Cal. 166 [131 Pac. 119].). The decree, however, declares that plaintiff's water right is not only appurtenant to his land, but is "part and parcel" thereof, which means that it is a riparian right and consequently, that it is, as such, not lost by disuse.

It appears from the findings that Swett has acquired the parcel of land known as tract 3, situated between the two parcels conveyed to Chase by Thompson in 1890, and that the stream in question passes through this tract. The appellant insists that the court should have decreed that the easements created by the deed from Thompson to Chase did not affect the water rights pertaining to tract 3. A sufficient answer to this point is that the decree does contain such a provision. Consequently, notwithstanding the other provisions of the decree, the defendant may make a reasonable use of the water on said intervening land, as riparian owner thereof, subject to the correlative and reciprocal rights of other riparian owners of land on the stream.

The judgment in case S. F. No. 9559 is affirmed, respondent to recover costs of appeal.

Case S. F. No. 9748.

In this action complaint alleged plaintiff's ownership of the land claimed by him in case S. F. No. 9559, aforesaid, that the defendants were in possession of the tract designated as tract 3, being the land situated between the two tracts of land belonging to Swett, designated as tracts 1 and 2, respectively, as aforesaid, and that Chase Creek flowed across defendant's tract 3 in a westerly direction to the point of diversion, hereinbefore mentioned, on said tract 1. In the record before us this point is called the "1890 point," and for convenience we will use that designation hereafter. It is alleged that the plaintiff owns the right to have said creek flow naturally and undiminished to said 1890 point, and there to take one-half of said natural flow and carry the same to the plaintiff's said land for use thereon; that the defendants have diverted all the natural flow of the creek above said 1890 point, so as to prevent any water from coming down to said point and deprive the plaintiff of all use of said water, that they claim the right to do so by reason of their possession of said tract 3, and that said claim is without right.

The defendants answered averring that defendant Swett is the owner of tract 3, admitting that she is in possession of same, and alleging that the possession of the other defendants is subordinate to her possession and that their rights depend upon her rights. It also avers that the natural flow of Chase Creek does not reach the 1890 point and denies that plaintiff has any right to the water thereof at that point.

The findings are to the effect that plaintiff is the owner of the land as alleged in his complaint; that the defendant Swett is the owner of said tract 3; that Chase Creek is a natural stream of running water arising easterly of tract 3 and flowing across the same into the defendants' tract 1 to the 1890 point aforesaid; that said tract 1 and tract 2 and the plaintiff's said land was, in 1890, a single undivided tract owned by Thompson and Chase as tenants in common, that all of said undivided tract was riparian to Chase Creek, that the same was partitioned between Chase and Thompson, as previously stated, that by said partition

188 Cal.—31

deed there was set off to plaintiff's predecessor, and pre-
served to plaintiff's said land, the riparian right which
said land had as a part of the original undivided tract, and
that by said partition deeds the predecessor of Swett granted
to the predecessor of plaintiff, "as a means of enjoying the
riparian rights of the Thompson ranch, the right to exer-
cise said riparian rights at said 1890 point" and to take
the water at that point, together with the right of way for a
pipe-line to carry water from that point to plaintiff's said
land; that said tract 3 and tract 1, belonging to defendant
Swett, and said Thompson' ranch belonging to plaintiff, are
each and all riparian to said Chase Creek; that as part
and parcel of tract 3, defendant has, as against the plaintiff,
the right as a riparian owner of tract 3 to take a reason-
able share of the waters of the creek, but no more, for
reasonable use upon tract 3, and not elsewhere, and for no
other purpose, and that the defendants have no other claim
or right in the waters of said creek by virtue of or because
of their ownership or possession of tract 3. It was further
declared that tract 3 is mountainous land not capable of
agricultural use, except to pasture stock thereon, and that
the only use of said water that can be made on said tract
is for furnishing drinking water for stock pastured thereon;
also that the defendants, against plaintiff's protest, have
diverted the water from said creek and deprived the plain-
tiff thereof at said 1890 point, and that they have not used
the same in any manner on said tract 3.

The material portions of the judgment are that plaintiff
is the owner of the land aforesaid together with the water
right in said Chase Creek as aforesaid; that defendant Swett
is the owner of tract 3; that tract 3 and tract 1 aforesaid,
and also the land of the plaintiff, are riparian to said creek;
that defendant Swett is entitled to take of the water of
Chase Creek a reasonable share and no more for use upon
said tract 3, and not elsewhere or for any other purpose;
that the only use for which it is available there is to supply
water for stock pastured thereon during the period between
January 1st and June 30th of each year, and that, except
as to said rights of the defendant, the plaintiff is entitled,
as part and parcel of his land, to have said creek flow natur-
ally and undiminished to said 1890 point and there to take
for use on his said ranch "the natural flow of said Chase

Creek'' and that the plaintiff's title thereto be quieted and the defendants be enjoined from claiming adversely thereto.

We learn from the briefs, although it does not appear in the record, that the diversion by the defendant on tract 3 complained of by the plaintiff was the collection of all the water of the stream at some point on that tract and carrying it down in a pipe to a concrete reservoir constructed by defendant on his tract 1 on which the 1890 point is situated, and there storing it for his own use on said tract 1 to the exclusion' of any use thereof by the plaintiff. The record contains remarks and circumstances indicating that this is true and it is not disputed by the defendant.

We also infer from the briefs that after the decision by the district court on the former appeal in February, 1919, affirming the judgment of nonsuit as to tract 3, the plaintiff began the present action to quiet plaintiff's title to the water of Chase Creek against claims of the defendant based on their possession of tract 3. The judgment appealed from in case S. F. No. 9559 was rendered several months before the trial of the present action. At the opening of the trial of this action the plaintiff offered in evidence the judgment-roll in the action previously tried as aforesaid, claiming the right to do so and to have the same admitted and considered as a final adjudication between the parties, under a stipulation made in the other action on May, 3, 1920, as a part of a stipulation therein extending the time to file a transcript on appeal. The portion of the stipulation referred to is as follows: ''In consideration for the foregoing extension of time, said defendants waive pendency of said appeal as an objection to use by plaintiff hereafter, whether in this action or in any other, of the judgment-roll in the case above entitled.'' At the time of the trial of the present action, October 8, 1920, the appeal referred to was still undetermined. No objection was made to the introduction of the judgment-roll and the same was received in evidence. At the close of the trial, however, the defendant moved to strike out the judgment-roll on the ground that it was not admissible as a final judgment, or as proof of the facts adjudicated thereby, because it had not yet become final, the appeal therein not yet having been decided. This motion was denied. In the course of the trial the defendant offered evidence to show the amount of water flowing in Chase

Creek on the lands in controversy. The plaintiffs objected on the ground that the judgment introduced in evidence adjudicated that matter, and that the defendant could offer no evidence to contradict the declaration in said judgment. That judgment purported to state the amount of water flowing in the creek at the 1890 point. The objection was sustained and the defendant was not allowed to introduce any evidence on that subject. These rulings are assigned as error.

[4] Under section 4½ of article VI of the constitution, the appellate courts cannot set aside a judgment rendered in the superior court for any error in the admission or rejection of evidence or in procedure, unless the court, upon examining the record, shall be of the opinion that the particular error complained of has resulted in a miscarriage of justice. The facts which we have recited with respect to the location and description of the land in controversy are not disputed. The defendant offered no evidence to indicate that the other facts stated in the findings in the other case and declared in the judgment were not true. His complaint, except as to the quantity of water flowing in the creek, is altogether with respect to the conclusions of law found therein and embodied in the judgment. [5] While it is true that the judgment in question had not become final at the time it was admitted in evidence, it will be final when our decision herein affirming it becomes final. At that time it will be an adjudication and will constitute an estoppel. Under all these circumstances, we are unable to see how the ruling can result in a miscarriage of justice as to the defendant. She disputes the conclusion that the lands of the plaintiff are riparian to the stream but she does not dispute that the stream runs through all the tracts in controversy, or that for a considerable period each year it carries water throughout its course, and the conclusion follows as matter of law. We have already shown that, under the facts found in case S. F. No. 9559, all the lands were, as matter of law, entitled to riparian rights in the stream at the time of the partition hereinbefore mentioned, and that the effect of that partition was to divide the riparian right and set off the one-half of that portion of the riparian rights which attached to said original tract to the tract now

belonging to the plaintiff, as part and parcel thereof. It is clear, therefore, that when the judgment in case S. F. No. 9559 becomes final by our affirmance thereof, the defendant will be estopped to deny the existence or extent of plaintiff's riparian rights aforesaid. It is also clear that what she is endeavoring to do by the diversion of the water flowing on tract 3 is to collect the same for use on some other tract. The briefs show that she does this for use on her own tract 1, and this is not disputed. This she has no right to do as against the rights of the plaintiff. [6] The rights of riparian proprietors on the same stream, with respect to each other, are mutual and reciprocal. Neither has a right to the whole stream as against the rights of the others. Each is entitled only to his reasonable share thereof, considering the rights and needs of the others, and such rights must be exercised and the use must be made only on the parcel to which the rights attach. Swett could not use her riparian rights on tract 3 to feed or increase her right on tract 1, or to collect it on tract 3 for the purpose of using it all on tract 1, without allowing to the plaintiff, for use on his land, his rightful share of the water so collected. We are of the opinion that the judgment should not be reversed because of the error, if it be such, in the admission and consideration of the judgment-roll aforesaid as a determination of the riparian character of the water rights in question.

We think, however, that errors appear in the decree, perhaps made through inadvertence, which, if allowed to remain, would substantially impair the technical legal rights of the defendant, though not otherwise of substantial importance. It declares that the plaintiff is the owner of the right to have the creek flow naturally and undiminished to said 1890 point and there to take "the natural flow" of said creek. This means the entire flow. The complaint asserts a right to only one-half thereof. This part of the judgment was evidently a mistake. Whether the taking of the half be accomplished by a division of the flow at all times or by a division of the time of taking it all is not material to our inquiry, and is not settled by the decree. Probably the latter is the only feasible method for so small a stream. [7] The decree also declares, in effect, that the defendant cannot use the water of Chase Creek, or any part thereof,

on tract 3 except to supply water for drinking purposes to domestic animals pasturing thereon between January 1st and June 30th of each year. We do not think that it was within the province of the court thus to limit the riparian use of water. The future cannot be foreseen. The owner of tract 3 may use all the water at any place on that tract provided it is not consumed and is all returned to the channel before it passes the boundary of the tract. There may be years when pasturage on the tract will be valuable at other times of the year than that allowed by the judgment. The use of the water for drinking should not be forbidden in that event. Any use made of the water on tract 3 which consumes it and prevents it from reaching the 1890 point should be limited to such quantity as may be reasonable and just when taken in connection with the rights and needs of the other riparian tracts belonging to the defendant and plaintiff, respectively. Neither the pleadings nor the findings present this question for decision and it must remain for future adjudication if necessity ever arises. The evidence indicates that the beneficial use that can be made of the water on said tract 3 is altogether too trifling to justify the expense of litigation, but it is not for the court, in its judgment, to attempt to forecast the future by a declaration to that effect.

From what we have said it necessarily follows that the judgment requires modification. The defendant has not seriously complained of the features which we have mentioned, and which we find to be erroneous. Obviously, the appeal was not taken to correct these particular errors, and we are of the opinion that our judgment directing the modification of the judgment below should not carry the costs of appeal. Indeed, it seems to us from the entire record in both cases that this litigation is the result of the persistent and unfounded claim of the defendant, Swett, that she has the right to take all of the water of the stream to the exclusion of the plaintiff, notwithstanding the effect of the partition of the land and the riparian rights attached thereto, whereby the title to one-half of the water flowing at the 1890 point remained attached to the plaintiff's land.

The judgment in case S. F. No. 9748 is vacated with directions to the court below to enter a judgment on the

pleadings and findings in accordance with this opinion. Neither party shall recover costs on appeal in case S. F. No. 9748.

Richards, J., *pro tem.*, Shurtleff, J., Waste, J., Wilbur, J., Sloane, J., and Lawlor, J., concurred.

Rehearing denied in S. F. No. 9559.

In denying a rehearing in S. F. No. 9559, the court filed the following opinion on April 20, 1922:

THE COURT.—The appellant, defendant Swett, has applied for a rehearing in this case. She makes an entirely new objection to the judgment appealed from. We do not ordinarily notice a point made for the first time in a petition for rehearing. We depart from our rule solely because of a hope that an explanation of our view as to the effect of the judgment may prevent controversy between the parties.

The objection is to that part of the judgment which, in awarding to each party "one-half of the natural flow of Chase Creek at said 1890 point," proceeds to state, in connection with the one-half allotted to plaintiff, the number of gallons, varying from ten thousand to fifteen thousand per twenty-four hours during specified months, as constituting one-half, and fixes a minimum of nine thousand gallons per twenty-four hours in the months not specified. The defendant suggests that nature may not produce water enough to make up these quantities and claims that the judgment is so framed that in the event of such shortage the plaintiff is adjudged the number of gallons daily as stated in the judgment, notwithstanding the deficiency, and that, consequently, the defendant will get less than the one-half to which she is in justice entitled.

We do not so understand the judgment. It does not purport to control the forces of nature. In the event that the natural flow does not supply the quantity designated, each party will nevertheless be entitled to the one-half of the quantity which nature furnishes and actually flowing, even

if this compels plaintiff to accept less than the quantity estimated in the judgment.

The petition for rehearing is denied.

Shaw, C. J., Lennon, J., Sloane, J., Richards, J., *pro tem.*, Wilbur, J., Shurtleff, J., and Lawlor, J., concurred.

In S. F. No. 9748, on March 31, 1922, the court modified the judgment theretofore rendered as follows:

THE COURT.—It is ordered that the judgment of the supreme court set forth in the opinion filed March 24, 1922, be amended to read as follows:

It is ordered that the judgment of the superior court entered in case S. F. No. 9748 he modified by striking therefrom the whole of paragraph numbered 6 thereof, and by amending paragraphs numbered 4 and 5 thereof, respectively, so as to read as follows:

4. As part and parcel of said tract 3, defendant Swett is entitled as against plaintiff to take of the water of said Chase Creek a reasonable share, but no more than a reasonable share, for use upon said tract 3 and not elsewhere, and for the reasonable use of said tract 3 but for no other purpose.

5. Except as in the preceding paragraph (numbered 4) stated, plaintiff is the owner of, and he and his heirs and assigns are entitled to the use of the right, as part and parcel of said Thompson ranch, to have said Chase Creek flow naturally and undiminished to said 1890 point, where plaintiff, for use upon his said Thompson ranch, has the right to take one-half (½) of said flow.

As so modified, the judgment is affirmed. Neither party to recover costs on this appeal therefrom. The court below is directed on the going down of the *remittitur* to re-enter the judgment as thus modified.

Shaw, C. J., Shurtleff, J., Richards, J., *pro tem.*, and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred.