[L. A. No. 8223. In Bank.—August 21, 1924.]

WINIFRED F. MARR, Appellant, v. SOUTHERN CALI-FORNIA GAS COMPANY (a Corporation), et al., Respondents.

**[1]** NEW TRIAL — ORDER DENYING — FINAL DECISION — EXCEPTIONS—SECTION 647, CODE OF CIVIL PROCEDURE.—An order denying a motion for new trial is comprised within the phrase "the final decision in an action or proceeding" found in section 647 of the Code of Civil Procedure, which provides that "the verdict of the jury, the final decision in an action or proceeding, an interlocutory order or decision, finally determining the rights of the parties, or some of them, an order or decision from which an appeal may be taken, . . . are deemed to have been excepted to."

**[2]** ID.—CHARACTER OF PROCEEDING.—A motion for a new trial is a new and independent proceeding in a sense collateral to the action which terminated in the judgment.

**[3]** ID.—ORDER DENYING NEW TRIAL—FINAL DECISION IN PROCEEDING. An order denying a motion for a new trial when duly made and properly entered in the minutes of the court is the final decision in that proceeding and is one which finally determines the rights of the parties in so far as they are involved in that particular proceeding. Nothing else remains to be done thereafter either

by the court or the parties in so far as the finality of that proceeding in the trial court is concerned.

[4] ID. — ORDERS — CONSTRUCTION OF CODE SECTIONS.—It is true that in sections 951, 952, and 963 of the Code of Civil Procedure the ruling upon motion for new trial is referred to as an order, but that the final decision in a proceeding may be embraced in an order is witnessed by the fact that such is usually if not invariably the case in proceedings for the writs of *habeas corpus,* *mandamus,* and prohibition.

[5] ID.—MEANING OF WORD "DECISIONS" AS USED IN SECTION 646, CODE OF CIVIL PROCEDURE.—The word "decisions," as used in section 646 of the Code of Civil Procedure, plainly includes both orders and rulings.

[6] APPEAL — BILL OF EXCEPTIONS — SUFFICIENCY OF — NEW TRIAL— DISMISSAL.—A purported bill of exceptions which recites the coming on of the case for trial before the court without a jury, the making and filing of findings of fact, conclusions of law, and judgment thereon against the plaintiff, the service and filing of notice of intention to move for a new trial with a copy of such notice, the setting of the same for hearing, the making of said motion for new trial and argument thereof and that the same was argued and denied, and which further recites the service of notice of the order denying the new trial, an order extending plaintiff's time within which to prepare and serve a bill of exceptions to be used upon appeal from the judgment, the preparation and service of this proposed bill of exceptions, and the certificate of the trial judge certifying that "the foregoing bill of exceptions is settled and allowed as correct," forms a sufficient basis for the review of the order denying appellant's motion for a new trial, such an order being reviewable upon an appeal from the judgment; and the fact that appellant has seen fit to thus limit the scope of the review upon appeal presents no ground for a dismissal of her appeal.

(1) 3 C. J., p. 969, sec. 865.   (2) 29 Cyc., p. 721 (1926 Anno.). (3) 29 Cyc., p. 1028.   (4) 3 C. J., p. 898, sec. 802.   (5) 3 C. J., p. 898, sec. 802.   (6) 4 C. J., pp. 574, 682, secs. 2380, 2582 (1926 Anno.).

MOTION to dismiss appeal upon the ground of alleged failure to file transcript on appeal within time.   Motion denied.

The facts are stated in the opinion of the court.

Winifred F. Marr, *in pro. per.,* for Appellant.

O'Melveny, Milliken, Tuller & Macneil for Respondents.

THE COURT.—This is a motion to dismiss the appeal on the ground that the appellant has not filed her transcript upon appeal within the time allowed by law. In support of the motion respondents show by affidavits and by the certificate of the clerk of the trial court that the time has elapsed for the preparation and filing of a transcript under the so-called alternative method, and that no proceedings have been instituted by the appellant therefor, and they show further "that no bill of exceptions to said judgment or to any proceeding at said trial has been settled or filed, and that no proceeding for the settlement of any such bill of exceptions is now pending or has ever been instituted." In response thereto appellant contends that a bill of exceptions for use upon this appeal has in fact been settled and that the time allowed her by law for the filing of a transcript thereafter had not expired at the time this motion was made.

The record before us shows that a paper purporting to be a "bill of exceptions on order denying plaintiff's motion for new trial" was in fact settled and allowed by the trial court herein as a bill of exceptions, and if this does constitute in fact and in legal effect a bill of exceptions which may properly be used upon this appeal from the judgment the appellant is not in default and the motion must be denied. The purported bill of exceptions is very brief. It recites the coming on of the case for trial, the trial thereof before the court without a jury, the making and filing of findings of fact, conclusions of law and judgment thereon against the plaintiff, the service and filing by plaintiff of notice of intention to move for a new trial with a copy of the notice of intention, the setting of the same for hearing, the making of said motion for new trial and argument thereof and that the same was argued and denied, the minute order thereon being as follows: "Motion for new trial comes on for hearing, plaintiff appearing *in propria persona,* and Paul E. Schwab et al. for defendant. Motion for new trial is argued and denied." It recites the service of notice of the order denying the new trial, an order extending

plaintiff's time within which to prepare and serve a bill of exceptions to be used upon appeal from the judgment, the preparation and service of this proposed bill of exceptions, and the certificate of the trial judge certified that "the foregoing bill of exceptions is settled and allowed as correct."

As stated above, the sole question necessary to be decided upon this motion is whether or not this constitutes a bill of exceptions and such a bill as may properly be used upon this appeal from the judgment. It is respondents' contention that the so-called bill of exceptions is not in fact a bill of exceptions at all and should be disregarded for the reason that there is nothing in the alleged bill showing that the appellant excepted to the order denying the motion for a new trial. Respondents contend that since the amendment of 1915 (Stats. 1915, p. 209) to section 963 of the Code of Civil Procedure, which took away the right of appeal from an order denying a motion for new trial, it has been necessary for the party against whom such an order was made, if present at the making thereof, to expressly except thereto in order to have the correctness thereof reviewed upon appeal. Section 646 of the Code of Civil Procedure provides that "the exception must be taken at the time the decision is made, except as provided in section six hundred and forty-seven," which provides that "the verdict of the jury, the final decision in an action or proceeding, an interlocutory order or decision, finally determining the rights of the parties, or some of them, an order or decision from which an appeal may be taken, . . . are deemed to have been excepted to."

Respondents say that prior to the 1915 amendment an order denying a motion for new trial was deemed excepted to solely because of the circumstance that it was an appealable order. [1] But we are of the opinion that it is also comprised within the phrase "the final decision in an action or proceeding." [2] A motion for a new trial is a new and independent proceeding in a sense collateral to the action which terminated in the judgment. (1 Hayne on New Trial, sec. 2.) [3] The order denying such motion when duly made and properly entered in the minutes of the court is the final decision in that proceeding and is one which finally determines the rights of the parties in so far

as they are involved in that particular proceeding. Nothing else remains to be done thereafter either by the court or the parties in so far as the finality of that proceeding in the trial court is concerned. It is true that this court, in *Southern Pac. R. R. Co.* v. *Superior Court,* 105 Cal. 84 [38 Pac. 627], held that an order denying a new trial is deemed to have been excepted to for the reason that an appeal might be taken therefrom. But the court did not thereby decide that such an order was not at the same time a final decision in a proceeding. Having found that the circumstance that the order was appealable was in itself sufficient to preserve the exception the court had no occasion to examine the remaining provisions of section 647. [4] It is true that in sections 951, 952, and 963 of the Code of Civil Procedure the ruling upon motion for new trial is referred to as an order, but that the final decision in a proceeding may be embraced in an order is witnessed by the fact that such is usually if not invariably the case in proceedings for the writs of *habeas corpus, mandamus,* and prohibition. [5] The word "decisions," as used in section 646 of the Code of Civil Procedure, plainly includes both orders and rulings. It is true that it has been repeatedly held that an order granting a motion for nonsuit cannot be reviewed upon appeal unless excepted to and assigned as error. But the cases so holding were, with one exception, decided prior to the amendment in 1897 (Stats. 1897, p. 98) to section 581 of the Code of Civil Procedure, which provides that such an order when entered upon the minutes of the court is "effective for all purposes." Prior to that amendment an order granting a motion for a nonsuit did not terminate the action unless and until it was followed by a judgment of dismissal. The case of *Hanna* v. *DeGarmo,* 140 Cal. 172 [73 Pac. 830], which was decided since the adoption of that amendment, followed the rule of the previous decisions, the significance of the amendment not having been brought to the attention of the court.

Nine years have elapsed since the amendment to section 963, which took away the right of appeal from an order denying a motion for new trial, and, so far as we are advised, this is the first time that the contention has been made that one of the effects of that amendment was to require the express reservation of an exception to such order.

This circumstance is, of course, in no way conclusive, but it is strongly persuasive to the conclusion that the bar of the state has with practical unanimity placed a construction upon section 647 of the Code of Civil Procedure, which is at variance with respondents' contention. [6] We conclude, therefore, that the bill of exceptions herein forms a sufficient basis for the review of the order denying appellant's motion for a new trial. Such order may be reviewed upon an appeal from the judgment. (Code Civ. Proc., sec. 956.) The fact that appellant has seen fit to thus limit the scope of the review upon appeal presents no ground for a dismissal of her appeal.

The motion is denied.