[L. A. No. 18795.   In Bank.   Oct. 1, 1945.]

PAUL LITVINUK, Respondent, v. ANNA LITVINUK,
Appellant.

A. P. Coviello and John C. Miles for Appellant.

Ernest Best and William Ellis Lady for Respondent.

EDMONDS, J.—Paul Litvinuk sued for a divorce. His wife, who was then living in Pennsylvania, came to California and filed an answer denying the charges made against her. When the case came on for trial, she was present but her counsel did not appear because he was then engaged in the trial of a criminal case before another judge of the same court. Following the denial of a continuance, the husband was awarded an interlocutory decree, and the wife has appealed from the judgment and also from several orders denying motions to set it aside and have a trial on the merits.

According to the affidavit of A. P. Coviello, on October 6, 1942, Mrs. Litvinuk retained him as her counsel. At that time, he declared, the case was set for trial on March 15, 1943, and he had no knowledge of any motion to be made for its advancement. On October 9th the husband's attorney served a notice of motion for an earlier date of trial. There was then no substitution of counsel on file, and the notice was served upon the attorneys of record.

On October 16th the motion, which was unopposed, was granted and the case was reset for November 23d. According to an affidavit of the attorney for Mr. Litvinuk, it was on

October 16th, after the hearing of his motion, that Mr. Coviello informed him of the change of counsel; also, although the substitution was dated October 5th, it was not signed by counsel then representing Mrs. Litvinuk "until a week or ten days after October 16th." But there is no denial of Mr. Coviello's assertion concerning the date of his employment, nor is it asserted that the change of attorneys was made for the purpose of delaying the trial.

On November 23d when the case was called for hearing, Mr. Coviello moved for a continuance upon the ground that he was actually engaged in the trial of. the criminal case. The motion was denied by the acting presiding judge, but after the ruling was made, the case could not be heard; it was then continued to December 4th, with the order that if Mr. Coviello could not then be present, other counsel should be obtained.

On December 4th, Mr. Coviello was still engaged in the criminal case and made a motion, supported by affidavit, for a short continuance. The motion was denied, but again, because of other cases having priority, the Litvinuk case went over to December 7th, when it was transferred by the presiding judge to a trial department of the court. Mr. Coviello was still engaged in the criminal case and he so informed the court through a clerk who appeared for that purpose. A continuance was denied and, in the absence of Mrs. Litvinuk's attorney, the court heard the testimony of her husband and a witness produced by him for the purpose of corroboration.

At the conclusion of this testimony Judge Stutsman ordered Mrs. Litvinuk to "take the stand." Upon being told by her that, "I can't understand without my attorney here; I would like to have him here," the judge replied: "The record shows your attorney has had plenty of chance to be here. . . . You get up on the stand and I will be your attorney." Again Mrs. Litvinuk remonstrated, "But my attorney, I want him to be here, please." After the judge repeated that the attorney "has had plenty of chance to be here," he asked: "Do you want to tell me about your side of the case?" Mrs. Litvinuk answered, "I can't tell it without my attorney." "All right," said Judge Stutsman, "Decree granted to the plaintiff." Custody of the child was awarded to Mrs. Litvinuk and her husband was ordered to pay $4.00 per week for the child's support but no provision was made for the maintenance of the wife.

Later, on the same day, Mr. Coviello gave notice of a mo-

tion, to be heard on December 16th, to vacate the minute entry ordering a decree of divorce in favor of the respondent and to reopen the case. Accompanying the notice of this motion was an affidavit of Mrs. Litvinuk declaring that her husband, shortly before coming to California, had instituted an action for divorce in the State of Pennsylvania where they had formerly resided, and upon a trial Mr. Litvinuk was denied a divorce. She also stated that when the court proceeded with the hearing of the divorce proceeding, her counsel was still engaged in the trial of the criminal case which had occasioned the prior continuance and, for that reason, was not present to represent her. Ernest Best, the attorney for Mr. Litvinuk, in a counteraffidavit, did not deny that at the time the divorce proceeding was called for trial, opposing counsel was employed in the defense of a client charged with murder but, he said, as thirty-eight persons were being prosecuted and Mr. Coviello represented only one of them, by reason of ''a working agreement with another counsel in the case'' he was able to leave the trial from time to time ''and do other work that is necessary.'' Mr. Best also asserted ''that to his knowledge no action was ever filed for divorce in the State of Pennsylvania where the divorce was denied.''

Mr. Coviello unaccountably failed to appear on December 16th and the court's minutes record that ''Said motion is denied.'' Immediately thereafter findings and a decree of divorce were signed and filed. The judgment was entered December 18th. On January 4th, the appellant filed a motion for new trial upon substantially all of the statutory grounds. The motion was denied. Following the ruling, Mrs. Litvinuk gave notice of a motion, under section 473 of the Code of Civil Procedure, to vacate the decree upon the grounds of ''mistake, inadvertence, and surprise.'' With the notice there was served a verified proposed cross-complaint for separate maintenance, charging Mr. Litvinuk with willful neglect. This pleading included allegations concerning the Pennsylvania proceeding asserted to have been tried and determined in the wife's favor. The motion was submitted for decision upon affidavits and, on April 9th, was denied.

On April 21st, Mrs. Litvinuk filed a notice of appeal (1) from the judgment; (2) from the order denying the appellant's motion to vacate and set aside the interlocutory decree and to reopen the matter for further proceedings; (3) from the order of the trial court denying her motion for a new trial; and

(4) from the order denying the appellant's motion to vacate and set aside the interlocutory decree under section 473. But in the appellant's opening brief, no points or authorities are presented as a basis for the reversal of the judgment, or of any of the challenged orders except the one by which the court denied relief under section 473 of the Code of Civil Procedure. As to that ruling, the denial of a divorce in the Pennsylvania proceedings, says the appellant, constitutes a valid defense to the present action and, accordingly, she is entitled to "her day in court." Moreover, the argument continues, because of the interest of the state in safeguarding marital relations, public policy is against "easy" divorces. For these reasons, it is concluded, "the trial court erred and abused its discretion in denying the motion under section 473."

In support of the rulings in his favor, the respondent contends that as his wife did not appeal from the judgment of divorce and the determinations of the trial court upon the motion to vacate and the motion for a new trial within the time provided by law, the only matter which may now be considered is the propriety of the order denying the motion made pursuant to section 473 of the Code of Civil Procedure. Concerning that ruling, he takes the position that because the grounds for the motion existed at the time of the entry of the interlocutory decree of divorce and could have been presented upon an appeal from it, Mrs. Litvinuk is precluded from urging the same points upon an appeal from the order denying relief.

A notice of intention to move for a new trial must be filed within ten days after receiving written notice of the entry of judgment. (Code Civ. Proc., § 659.) Mrs. Litvinuk complied with this requirement and her motion was denied. ■ Although an order denying a motion for a new trial is not appealable (Code Civ. Proc., § 963; *City of Los Angeles* v. *Glassell,* 203 Cal. 44 [262 P. 1084]; *Regoli* v. *Stevenson,* 179 Cal. 257 [176 P. 158]), its propriety may be reviewed upon an appeal from the judgment (Code Civ. Proc., § 956; *Citti* v. *Bava,* 204 Cal. 136 [266 P. 954]; *Marr* v. *Southern Cal. Gas Co.,* 194 Cal. 332 [228 P. 534]). ■ However, the expiration of the time within which an appeal from a judgment must be commenced terminates the right to have such an order reviewed. (*Lawson* v. *Guild,* 215 Cal. 378 [10 P.2d 459]; *Bates* v. *Ransome-Crummey Co.,* 42 Cal.App. 699 [184 P. 39].)

█ Ordinarily an appeal must be taken within sixty days from entry of the judgment (Code Civ. Proc., § 939) but where a notice of motion for new trial is seasonably filed "the time for appeal from the judgment shall not expire until thirty days after entry in the trial court of the order determining such motion for a new trial. . . ." (Code Civ. Proc., § 939.) The judgment in favor of the respondent was entered in December. The ruling denying the motion for a new trial came a month later but not until the following April was the notice of appeal filed. Accordingly, the appeal from the judgment and the appeal from the order denying the motion for a new trial must be dismissed.

█ The specification in the notice of appeal of "the order denying defendant's motion to vacate and set aside the interlocutory decree and to re-open the matter for further proceedings," evidently refers to a ruling which followed the filing of a notice of motion to be made on December 16th for that purpose. As Mr. Coviello did not appear at the time fixed and no motion was made, there was nothing before the court requiring a ruling (*Estate of Corcofingas*, 24 Cal.2d 517, 521 [150 P.2d 194] ; *Milstein* v. *Sartain*, 56 Cal.App.2d 924, 930-931 [133 P.2d 836]), but an order was nevertheless entered denying the motion described in the notice. █ Although it is within the sound discretion of the trial court after submission to reopen a case for the introduction of additional evidence (*San Mateo P. M. Co.* v. *Davenport R. Co.*, 218 Cal. 702, 712-713 [24 P.2d 787] ; *Parker* v. *Swett*, 188 Cal. 474, 479 [205 P. 1065]), even after the making of a minute order directing judgment (*Bazet* v. *Muggett Bar Placers, Inc.*, 211 Cal. 607, 611-612 [296 P. 616] ; *Carr* v. *International Indem. Co.*, 58 Cal.App. 614, 617-618 [209 P. 83]), an order denying a motion to reopen a cause for further proceedings before the entry of judgment or rendition of the decision is not an appealable order but it is reviewable only upon appeal from the judgment. (Code Civ. Proc., §§ 956, 963; *Phenegar* v. *Paolini*, 27 Cal.App. 381, 393 [149 P. 1008] ; *Eddy* v. *American Amusement Co.*, 21 Cal.App. 487, 495 [132 P. 83]). Mrs. Litvinuk did not take such an appeal and that order may not now be reviewed.

█ Considering the appeal from the order denying the motion to vacate the judgment under section 473 of the Code of Civil Procedure, as a thing prohibited directly may not be done indirectly, it is the general rule that an appeal may not

be taken from a nonappealable order by the device of moving to vacate the order and appealing from a ruling denying the motion. (*Estate of Spafford,* 175 Cal. 52 [165 P. 1]; *Estate of Keane,* 56 Cal. 407.) ■ Nor will an appeal from an order denying a motion to vacate an appealable order or judgment be entertained when the purpose of the motion was to change the decision of the trial court upon the same facts. (*Bell* v. *Solomons,* 162 Cal. 105 [121 P. 377]; *Alpers* v. *Bliss,* 145 Cal. 565 [79 P. 171].) Stated differently, if the grounds upon which the party sought to have a judgment vacated existed before the entry of judgment and would have been available upon an appeal from the judgment, an appeal will not lie from an order denying the motion. (*Mather* v. *Mather,* 22 Cal.2d 713, 720 [140 P.2d 808]; *Estate of Richards,* 17 Cal.2d 259, 267 [109 P.2d 923].)

■ The record discloses that Mrs. Litvinuk's motion to vacate the interlocutory decree of divorce upon the grounds specified in section 473 of the Code of Civil Procedure was to be based upon "all of the records, files and papers in the above entitled action; this notice of motion, and the affidavits of defendant filed concurrently herewith; together with the proposed Cross-Complaint herein." Permission to file the new pleading was never granted, but it is of no importance so far as a determination as to Mrs. Litvinuk's rights are concerned for it is practically a recital of the facts concerning the Pennsylvania divorce proceedings as they were stated in her affidavits in support of the motions to reopen the cause for further proceedings and for a new trial. No affidavit of Mrs. Litvinuk was filed "concurrently" with the notice of motion. Subsequently, however, Mr. Coviello filed his own affidavit in which he related the circumstances surrounding his employment by Mrs. Litvinuk and the subsequent course of events concerning the trial of the divorce action, substantially in the same form as those facts were presented in his affidavit in support of the motion for a continuance and the affidavit of Mrs. Litvinuk in support of the motion to reopen the cause for further proceedings. In other words, the facts appearing in the affidavits supporting the motion under section 473 presented no issues other than those raised by the affidavits and other papers filed in the divorce action and available for consideration upon an appeal from the judgment.

Nor does it appear from the notice of motion that additional grounds available upon appeal from the judgment were before

the trial court upon the motion made under section 473. That motion was based upon the grounds that (1) Mrs. Litvinuk was prevented by her husband and his attorney from producing evidence at the trial of the divorce action; (2) the trial court abused its discretion in denying a continuance; and (3) judgment was taken through the excusable neglect, mistake, inadvertence and surprise of Mrs. Litvinuk. All of these grounds were available to Mrs. Litvinuk upon appeal from the judgment. Each of them was urged in support of her motion for a new trial, and the notice of motion to reopen the cause for further proceedings discloses it was to have been made upon the ground of excusable neglect. Under these circumstances, the purported appeal from the order denying Mrs. Litvinuk's motion under section 473 of the Code of Civil Procedure must be dismissed.

The appeal from the judgment and from each of the specified orders is dismissed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., and Spence, J., concurred.

SCHAUER, J.—I concur in the judgment of dismissal of the appeal but in fairness to the trial court and in order that the basis for its action may be more fully portrayed deem it proper to add the following observations.

It should be noted that the record supports the conclusion that the defendant deliberately engaged in a campaign for unnecessary delay. It must be remembered that the trial court found in favor of the plaintiff and every factual issue on the motions with which we are concerned must be deemed to have been resolved in favor of plaintiff.

The complaint was filed on May 21, 1942; the answer, on August 28, 1942. Trial was originally set for March 15, 1943, but on October 16, 1942, on motion of the plaintiff regularly noticed and made, the court ordered the trial date advanced to November 23, 1942. We must presume that this order was made on good cause shown and that the order so adjudicates. At the time of such order Mrs. Litvinuk was represented by attorneys Craig and Weller and Paul A. Amos, but on the same day Mr. A. P. Coviello, who was even then engaged in the trial of a criminal case, representing one of thirty-eight defendants charged with murder, a trial which he must have known would be protracted, accepted the substitution of him-

self as attorney for Mrs. Litvinuk. On November 23, 1942, the day set for trial of this action, he moved for its continuance on the ground that he was engaged in the very trial in which he was engaged when he accepted employment in the case. This move, the trial court was warranted in finding, was contemplated by him when he accepted the employment.

The record shows the following from the affidavit of Mr. Best (attorney for plaintiff): ''that affiant talked to said attorney [Coviello] in his office and over the telephone several times before the date of trial in November, 1942 and about two weeks before said date informed said attorney that he would oppose any motion of said counsel for a continuance on the date of trial for the reason among other things that he was not the original counsel, was engaged in a long trial and was so before he took the case and so forth; that at said time, said attorney stated that *that was a privilege of any counsel. . . .''* (Italics added.)

However, on November 23d, on Mr. Coviello's motion, over the objection of plaintiff, the trial was postponed until December 4th, the presiding judge specifically ordering at that time that on December 4th ''the counsel for the defendant A. P. Coviello, was to try the case or to have the defendant represented by some other counsel who was prepared to go ahead with the trial.'' Mr. Coviello heard this ruling made. In addition thereto, on the same day, November 23, 1942, he was served by mail with notice in writing that the trial had been continued to December 4, 1942, ''with the understanding that if the attorney A. P. Coviello cannot be present in person to represent the defendant at said time that he have some other attorney to represent the defendant or that the defendant have some other counsel to represent her at said time.''

Notwithstanding this notice, on December 4th Mr. Coviello, without any showing of diligence or effort to comply with the court's order, sought a further postponement and although his motion was at first denied, the trial was eventually continued to December 7th. On that date, the trial court having indulged defendant and her counsel two full weeks of delay, and ample opportunity to have procured other counsel, proceeded to trial. I am satisfied that there was no abuse of discretion in so proceeding. However, for the reasons stated in the majority opinion, we have no occasion to pass on the merits of the trial court's action as the appeal must be dismissed.