[Civ. No. 9333. Second Appellate District, Division Two.—February 21, 1935.]

MATTHEW FRANCIS TRACEY, Jr., a Minor, etc., et al., Appellants, v. L. A. PAVING COMPANY (a Corporation) et al., Respondents.

George P. Kinkle, John S. Hunt and Gretchen Wellman for Appellants.

Harry D. Parker, Horace W. Danforth, Raymond G. Stanbury, White McGee, Jr., and Vernon W. Hunt, for Respondents.

WILLIS, J., *pro tem.*—Plaintiffs are a minor and his father. The minor sued defendants for damages for personal injuries, and in the same complaint the father joined, seeking recovery for expenses incurred by him in treatment and care of the injured son. The cause was tried before the court with a jury, and at the close of evidence defendants moved for directed verdicts against each plaintiff. These motions were denied and thereafter verdicts were returned by the jury in favor of each plaintiff for certain amounts, whereupon defendants made motions for judgments in favor of defendants notwithstanding such verdicts, in the alternative form, reserving the right to apply for a new trial if such motions be denied. These motions were also denied and judgments on the verdicts were thereafter entered. In due course defendants moved for a new trial, and on the hearing of this motion the trial court ordered judgments to be entered in favor of defendants notwithstanding the verdicts. From these judgments the plaintiffs have appealed.

The motions for directed verdicts and for judgment notwithstanding the verdicts were made on the ground that the evidence failed to show any negligence on the part of defendants and that the evidence affirmatively showed negligence on the part of the injured minor which proximately contributed to the accident.

Section 629 of the Code of Civil Procedure creates two occasions on which a judgment may be ordered by the trial court notwithstanding the verdict. The first is when a motion for directed verdict has been made and denied and,

before judgment has been entered on a verdict, the court, either on its own motion or on motion of the aggrieved party, upon determining that the motion for directed verdict should have been granted, may render a judgment notwithstanding the verdict. The second occasion is when the motion for judgment notwithstanding the verdict has been made after denial of a motion for a directed verdict with the alternative reservation of the right to move for a new trial, and motion for a new trial has been duly made after entry of the judgment on the verdict, the trial court, on the hearing of the motion for new trial, "may order judgment to be so entered when it appears from the whole evidence that a verdict should have been so directed at the trial".

Appellants contend that the court properly acted in denying the motions for directed verdicts and for judgments notwithstanding the verdicts before entry of the judgments thereon, but erred in ordering the entry of judgments notwithstanding the verdicts, after entry of such judgments and on the hearing of the motion for new trial, on the ground that under the rules governing determination of motions for directed verdict and judgments notwithstanding the verdict the court had no more or different power in the last instance than in the first. Respondents, on the other hand, contend in substance and effect, in support of the action of the trial court in the last instance, that by the use of the expression "from the whole evidence" in the clause above quoted from section 629 of the Code of Civil Procedure the legislature declared that the trial court, under such special circumstances, was freed from the rules ordinarily governing motions for directed verdicts and was given power to consider the evidence as a whole and determine what evidence was intrinsically credible, and what was inherently improbable and not entitled to belief, and thus give true value and significance to the evidence in the case. These opposing contentions require a construction of section 629 and its relation to the law governing decision of motions for directed verdicts. For in the final analysis of this question it is manifest that no judgment may ever be rendered or ordered by the trial court notwithstanding the verdict, either before or after entry of judgment on the verdict, unless it appears that the motion for directed verdict should have been granted in the first instance.

■ The power of the trial court to pass upon the motion for a directed verdict is strictly limited. In considering such motion it cannot weigh evidence. Its right to direct a verdict is the same as the right to grant a nonsuit. (*Perera* v. *Panama-Pacific etc. Co.*, 179 Cal. 63 [175 Pac. 454]; *Hunt* v. *United Bank & Trust Co.*, 210 Cal. 108 [291 Pac. 184].) The rules governing the court in passing on motions for nonsuit and for directed verdicts have been so frequently stated in decisions of our appellate courts that it would be like carrying coal to Newcastle to repeat them herein. A comprehensive statement thereof appears in the case last above cited. Suffice it to say here that the power to grant the motion for directed verdict exists when there is no substantial evidence tending to prove all the controverted facts necessary to establish plaintiff's case. (*Newson* v. *Hawley*, 205 Cal. 188 [270 Pac. 364].)

■ On an appeal from a judgment notwithstanding the verdict, under the provisions of section 629 of the Code of Civil Procedure, it is the duty of the appellate court to read the testimony in a light most advantageous to the plaintiff and, resolving all conflicts in his favor, give to him the benefit of any and every fact pertinent to the issues involved which may reasonably be deduced from the evidence. If the material facts are in dispute, or the consideration of oral testimony and the credibility of witnesses are involved, and after a careful study of the evidence it appears that there is substantial evidence to support every essential element of plaintiff's case, the verdict of the jury must be held conclusive, and judgment notwithstanding the verdict will be erroneous. (*Landers* v. *Crescent Creamery Co.*, 118 Cal. App. 707 [5 Pac. (2d) 934].)

■ In the light of the foregoing rules we have examined the evidence adduced at the trial herein. To state herein all the evidence pertinent to the present inquiry would unduly lengthen this opinion and would serve no useful purpose. We are therefore content to state that upon such examination of the testimony we find substantial evidence which tends to support all the essential facts necessary to support a verdict in favor of plaintiffs. There is a real and substantial conflict in the testimony relating to the defendant driver's knowledge of the presence of the boy and bicycle beside his truck at the moment when the driver suddenly

swerved his truck towards the bicycle, thereby causing a collision. There is evidence from which the jury could reasonably infer that the driver saw the boy and bicycle, and without ordinary care and without warning turned his truck so as to collide with the bicycle; and this notwithstanding the driver's testimony that he did not see the boy or bicycle and did not know he was there. There was also evidence of circumstances from which the jury might infer that the boy was not guilty of any negligence contributing to the accident. Without attempting to state such evidence it is sufficient to say that there appears herein substantial support of all the essentials necessary to establish plaintiffs' case, and full justification of the order denying the motion for directed verdicts. And it follows as a matter of course under the law that the motion for judgment notwithstanding the verdicts, made before entry of judgments on the verdicts, was properly denied.

It being thus determined that the motion for directed verdict should not have been granted and was properly denied under the rules controlling the trial court's action, did the language of section 629 above quoted change the status of the trial court's power and enlarge the same to the extent that, on hearing the motion for new trial, it could review the whole evidence, weigh the same, pass on credibility of witnesses and then substitute its decision of facts for that implied by and supporting the verdicts of the jury? To this query our answer is unequivocally in the negative.

We hold that on consideration by the trial court of the "whole evidence" on a motion for new trial, or by the appellate court on an appeal from the judgment on a verdict, the power of the respective court to order a judgment notwithstanding the verdict is limited by the same restrictions and bound by the same mandates applicable to nonsuits and motions for directed verdicts in the first instance. The section expressly limits the power to order such judgments only when it appears that a verdict should have been directed at the trial. If under the rules a verdict should not have been directed at the trial, no power to thereafter order a judgment notwithstanding the verdict exists. It is clear that the legislature, in granting power to the trial court on the hearing of a motion for new trial which has been made under reservation on the previous motion for judgment not-

withstanding the verdict, to order such a judgment when it appears that a motion for a directed verdict duly made should have been granted, intended to confer upon the trial court the power to correct a judicial error in denying the motion for directed verdict and order the correct judgment notwithstanding the verdict, instead of granting a new trial, thus promptly correcting error at its source and expediting the administration of justice. The legislature recognized the contingency that upon the hearing of a motion for a new trial based on the ground of insufficiency of the evidence to sustain the verdict it might become manifest to the court, on its review of the whole evidence at such hearing, that it had erred in denying the motion for directed verdict. Under the new section the court was empowered to correct that error in the court where it arose. But the power conferred went no further. It did not authorize the court to weigh the evidence and resolve conflicts, and as a consequence substitute its conclusions on the facts for those of the jury and order judgment thereon notwithstanding the verdict of the jury. For that, if permitted, would have the effect of depriving the aggrieved litigant of his constitutional right to a trial by jury. Upon such a hearing, unless the court is satisfied that error was committed in denying the motion for directed verdict, its power is limited to granting the motion for a new trial under the statute and rules controlling in such case.

Under the rules governing directed verdicts and the conclusions we have drawn from the record of the evidence as above stated, we are of the opinion that the trial court did not have the right to decide from the whole evidence that verdicts for the defendants should have been directed in the first instance and therefore did not have the right to order judgments notwithstanding the verdicts on the hearing of the motion for a new trial. (*Tomlinson* v. *Kiramidjian*, 133 Cal. App. 418 [24 Pac. (2d) 559].)

The judgments are reversed and the cause remanded, with directions to enter judgments on the verdicts as rendered.

Stephens, P. J., and Crail, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 22, 1935.