24 Cal.2d 517 (1944)
Estate of CHRIST CORCOFINGAS, Deceased. LEO T. CROWLEY, as United States Alien Property Custodian, Appellant,
v.
CONSTANTINOS G. KALLIMANIS, Respondent.
L. A. No. 19006. 
Supreme Court of California. In Bank. 
July 14, 1944.
 Charles H. Carr, United States Attorney, James L. Crawford, Ronald Walker and Clyde C. Downing, Assistant United States Attorneys, Wallace H. Walker, Special Assistant to United States Attorney General, George A. McNulty, Chief of Alien Property Unit, and J. V. McDermott, Deputy United States Alien Property Custodian, for Appellant.
 Himrod & Parks for Respondent.
 GIBSON, C.J.
 This is a motion to dismiss an appeal from a decree in a proceeding to determine heirship, and from an order denying a motion to vacate.
 Christ Corcofingas, the deceased, died in Los Angeles County on April 5, 1942. His will, duly admitted to probate, made a specific bequest to a local resident, and left the rest of his estate to five brothers and sisters living in Greece. Respondent Kallimanis, executor of the will and the only heir at law living outside of Greece, filed his petition to determine *519 heirship, alleging that reciprocal rights of inheritance do not now exist between the Kingdom of Greece and the United States because of the domination of Greece by the armed forces of Germany; and that, by virtue of sections 259 and 259.1 of the Probate Code, the gifts to Greek residents lapsed and must be distributed in accordance with the laws of succession of this state.
 Appellant Crowley, United States Alien Property Custodian, entered an appearance and also filed a document entitled "Vesting Order Number 1649," stating that the entire estate, except the local bequest and the amounts necessary to pay expenses, taxes and debts, had been vested in the Alien Property Custodian, pursuant to his authority under the Trading with the Enemy Act. A hearing was had and the court found that respondent was entitled to the property and that appellant had no interest therein, and rendered its decree accordingly.
 The decree was signed on July 23, 1943; it was entered on July 29, 1943, and notice of entry of judgment was served and filed July 31, 1943. Notice of appeal was filed on September 27, 1943, and on the same day appellant filed in the superior court a "notice of motion to vacate judgment and enter a different judgment," specifying October 18, 1943, as the date upon which the motion would be made in court. This notice of motion, supported by affidavits, set forth as its grounds (1) that at the hearing no evidence had been introduced on the issue whether reciprocal inheritance relations existed between the United States and Greece at the time of the testator's death; (2) that subsequently information had been received from the State Department that such relations did exist at that time; and (3) that sections 259, 259.1 and 259.2 of the Probate Code were unconstitutional. Shortly thereafter, on October 7, 1943, appellant filed in the superior court a document entitled "Dismissal of Appeal" stating that he "hereby abandons and dismisses said Appeal" taken on September 27, 1943. This abandonment was filed in the lower court in accordance with rule 19(a) of the Rules on Appeal, and appellant states that it was done in order to remove any doubt as to the jurisdiction of the superior court to consider the motion to vacate the judgment. The motion to vacate was denied on November 22, 1943. *520
 Thereafter, on November 24, 1943, appellant filed a new notice of appeal from the decree determining heirship, and from the order denying the motion to vacate. Clerk's and reporter's transcripts were duly filed.
 The present motion to dismiss is based on three grounds: (1) the decree determining heirship was final and binding because the abandonment or dismissal of the first appeal did not expressly state that it was "without prejudice" to another appeal; (2) the order denying the motion to vacate the decree is not appealable; (3) the new notice of appeal from the decree was not filed within the time prescribed by law. The second point, that the order denying the motion to vacate is not appealable, is admittedly well taken. (Estate of O'Dea, 15 Cal.2d 637 [104 P.2d 368].) The last contention, if sound, is determinative of the appeal from the decree, and since we have concluded that it is correct there is no need to discuss the first point.
 A notice of appeal must be filed within sixty days from the entry of the judgment (rule 2(a), Rules on Appeal) unless the time is extended by new trial proceedings (rule 3 (a)), or by a motion to vacate the judgment (rule 3(b)). Rule 3(b) provides in part: "When a motion to vacate a judgment or to vacate a judgment and enter another and different judgment is made by any party on any ground within 60 days after entry of judgment, (1) if the motion is denied or not decided by the superior court within 120 days after entry of the judgment, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after entry of the order denying the motion to vacate or 120 days after entry of the judgment, whichever shall be less ..." (Italics added.) As pointed out above, judgment was entered on July 29, 1943, and the new notice of appeal was not filed until November 24, 1943, obviously too late unless time was extended by the provisions of rule 3(b).
 [1] The first question is whether the extension provisions of rule 3(b) are rendered inapplicable by reason of the failure of appellant to serve and file the notice of intention to move to vacate the judgment within ten days after notice of entry of judgment. Stated otherwise, the question is whether the motion to vacate must be a motion in compliance with the terms of section 663a, in order to extend the time to appeal. Respondent has assumed, in view of the title of the document *521 ("notice of motion to vacate judgment and enter a different judgment"), that the moving party was proceeding under sections 663 and 663a. Appellant denies this, pointing out that the motion did not assert inconsistency between the findings and conclusions or judgment, but attacked the judgment on a number of different grounds. Appellant suggests that the motion was in some respects one under section 473 of the Code of Civil Procedure and, in any event, was not designed as a proceeding under sections 663 and 663a. The rule refers generally to any motion to vacate "on any ground," and thus covers all types of motions to vacate, statutory or otherwise.
 [2] The second question is whether the motion to vacate was "made" within 60 days after entry of judgment, as required by rule 3(b). The written notice of motion was filed September 27, 1943, within the period, but specified October 18, 1943, as the time when the motion would be made in court, and this latter date was more than 60 days after entry of the judgment. The precise question is, therefore, whether rule 3(b) refers to the written notice of motion or the oral motion itself.
 Appellant argues that a motion is "made" when it is "initiated" by a proper notice or application. Reference is made to rule 41(b) of the Rules on Appeal, which adopts the language of section 659 of the Code of Civil Procedure to the effect that "the notice of motion shall be deemed to be a motion on all the grounds stated in the notice." Rule 3(b), however, uses the term "made" and refers to the "motion" and not the notice of motion. It has been consistently held in California that such language refers to the oral motion made in open court. (See In re Morehouse, 176 Cal. 634 [169 P. 365]; Thomas v. Superior Court, 6 Cal.App. 629 [92 P. 739]; see, also, Estate of Grivel, 208 Cal. 77, 81 [280 P. 122].) Rule 41(b) is not helpful, since it deals solely with motions made in the reviewing court, and the provision was included because the reviewing court may, under rule 41, decide the matter on the written papers, without any calendar hearing, and hence without any oral motion. (See Witkin, New California Rules on Appeal, 17 So.Cal.L.Rev. 232, 284.) Nor can it be reasonably urged that the language of rule 3(b) is inadvertent, for rule 3(a) expressly refers to the filing of a notice of intention to move as the step which must be taken *522 within the period. The use of such distinct terminology, in two subdivisions of the same rule, would seem to indicate that different meanings were intended.
 It follows that the notice of appeal from the decree was not filed in time and, accordingly, that appeal is dismissed. The order denying the motion to vacate being nonappealable, the purported appeal therefrom is dismissed.
 Shenk, J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.