[Civ. No. 4422. Fourth Dist. Oct. 8, 1951.]

Estate of WILLIAM M. MARTIN, Deceased. GERALD A. COXE, Appellant, v. HAROLD R. MARTIN et al., as Executors, etc., Respondents.

Gerald A. Coxe in pro. per. for Appellant.

Best, Best & Krieger and Thompson & Colgate for Respondents.

THE COURT.—This is an appeal from two orders entered in a probate proceeding.

On December 12, 1950, the court made its order fixing and allowing statutory and extraordinary attorney's fees and fixing the amounts that should be paid to Gerald A. Coxe, the former attorney for the executors, and to the attorneys currently representing the executors, respectively. On February 5, 1951, Coxe filed a notice of motion to vacate and set aside this order of December 12, on the ground that in connection with the entry of said order he had been taken "by surprise, accident, mistake and excusable neglect." This

notice stated that the motion to vacate would be made on February 19, 1951, or as soon thereafter as counsel could be heard. On March 19, 1951, an order was entered denying the motion to vacate and set aside the order of December 12, 1950. On March 25, 1951, Coxe filed notice of appeal from the order of December 12, 1950, and from the order of March 19, 1951, denying his motion to vacate the former order.

The respondents have moved to dismiss the appeal on the grounds that the appeal from the order of December 12, 1950, was not taken within the time allowed; and that the order of March 19, 1951, is not an appealable order.

■ Admittedly, the appeal from the order of December 12, 1950, was not taken within 60 days from the time that order was entered. The appellant contends that his time for appeal from that order was extended by rule 3(b) of the Rules on Appeal, giving him time to file such notice of appeal after entry of the order denying his motion to vacate that order. Rule 3(b) applies when a motion to vacate a judgment or order is made within 60 days after entry thereof. While written notice of motion to vacate the prior order was filed within this 60-day period, it specified that the motion would be made in court on February 19, after that period had expired. The court denied the motion on March 19, and the affidavits in the record indicate that the motion was made and heard on that date. In any event, there is nothing in the record to indicate or suggest that the motion was "made" within the 60-day period. The situation here appearing is precisely similar to the one existing in *Estate of Corcofingas*, 24 Cal.2d 517 [150 P.2d 194]. Upon the authority of that case it must be held that the appeal from the order of December 12, 1950, was not taken in time.

The appellant argues that he was told on December 11 that the motion to fix and allow attorney's fees had gone off calendar; that the subsequent conduct of the other attorneys misled him, and amounted to fraud; and that he did not discover that the order of December 12 had been entered until February 1, 1951. Aside from other considerations (see *Estate of Hanley*, 23 Cal.2d 120 [142 P. 2d 423, 149 A.L.R. 1250]) he then had 10 days in which he might have made his motion to vacate.

■ It seems to be now settled that an order denying a motion to vacate a former order which was made in a probate proceeding is not an appealable order. *(Estate of O'Dea,*

15 Cal.2d 637 [104 P.2d 368]; *Estate of Corcofingas*, 24 Cal.2d 517 [150 P.2d 194]; *Socol* v. *King*, 34 Cal.2d 292 [209 P.2d 577].)

The motion to dismiss the appeal is granted and the appeal is dismissed.

A petition for a rehearing was denied October 22, 1951.