[Civ. No. 9351. Third Dist. Jan. 19, 1959.]

LOUIS HOZZ et al., Respondents, v. LEO C. FELDER
et al., Appellants.

198

Lawrence A. Cowen for Appellants.

Geary, Spridgen & Moskowitz for Respondents.

PEEK, J.—This is an action to recover the value of merchandise allegedly sold by plaintiffs to defendants on an open book account. At the close of plaintiffs' case, defendants' motion for a nonsuit was denied. At the conclusion of the trial, plaintiffs moved for a directed verdict which likewise was denied. Following the entry of judgment on the verdict of the jury in the sum of $4,402.76, plaintiffs moved for a judgment notwithstanding the verdict and for a new trial. The court granted both motions, but by its order granting a

new trial provided that it should be effective only if on appeal the judgment notwithstanding the verdict was reversed and the order granting a new trial was not appealed from, or, if appealed from, was affirmed. Thereafter judgment pursuant to said order granting judgment n.o.v. was entered in the sum of $7,977.07 and the defendants now appeal.

By their original complaint plaintiffs alleged that while doing business as the Petaluma Milling Company they sold and delivered feed and dairy supplies to defendants in the sum of $7,870.82, which sum included interest at 6 per cent per annum to February 7, 1955. By their amended complaint said amount was increased to $9,043.63 including interest; and that said sum was now due and unpaid, with interest thereon at the rate of 6 per cent per annum. Defendants answered, denying generally the allegations of the complaint. At the trial there appeared to be no question but that defendants were indebted to plaintiffs. The issue related not so much to the amount of the principal of the debt as it did to the interest, if any, to be charged.

In this regard, from the evidence adduced, the jury could have found that interest had been charged on the account for the period covered in the complaint with the exception of a period of time from May 1, 1947, to December 31, 1948; that there was an oral agreement that no interest was to be charged; that interest was waived for the period of May, 1947 through December, 1948 only; or that any waiver of interest was conditioned upon payment of the balance due and keeping the account current. In regard to this last possibility, it could have been found that the condition failed and that the plaintiffs were thereafter entitled to charge interest for the full period covered by the complaint.

Defendants' first contention is that the trial court erred in granting plaintiffs' motion for judgment notwithstanding the verdict in that the evidence was in conflict and that the trial court in granting the motion weighed the evidence and substituted its own conclusions for those of the jury.

It would appear unnecessary to quote the rather lengthy provisions of section 629 of the Code of Civil Procedure. It is sufficient to note that the power of the court to order a judgment n.o.v. is predicated primarily upon an unlawful denial of a motion for a directed verdict or, stated otherwise, if, under the facts of the case, a motion for a directed verdict could not have been granted, then it follows that the court could not order a judgment n.o.v. (*Tracey* v.

*L. A. Paving Co.*, 4 Cal.App.2d 700 [41 P.2d 942].)
 Whether or not a motion for judgment n.o.v. should be
granted must be determined in light of the rules relative to
a directed verdict, i.e., conceding as true the evidence most
favorable to the adverse party and giving to it all reasonable
inferences which may be drawn therefrom, it must appear
that there is no substantial evidence to support a verdict in
his favor. Applying such rule to the evidence presented
in the present case, it is quite apparent that the jury could
have returned various verdicts, all supported by substantial
evidence. Necessarily, therefore, under such circumstances,
the court was without power to grant plaintiffs' motion for a
directed verdict and thus was equally without power to order
a judgment n.o.v.

 Additionally, section 629 provides that a motion for a
judgment n.o.v. may be made with the alternative reservation
of the right to move for a new trial and that the court shall
pass upon both. But that is not to say that the court may
"weigh the evidence and resolve conflicts, and as a conse-
quence substitute its conclusions on the facts for those of the
jury" and order judgment n.o.v. (*Tracey* v. *L. A. Paving
Co., supra*, p. 706), for as the court also noted in the Tracey
case if that were permitted it "would have the effect of de-
priving the aggrieved litigant of his constitutional right to
a trial by jury. Upon such a hearing, unless the court is
satisfied that error was committed in denying the motion for
directed verdict, its power is limited to granting the motion
for a new trial. . . ." Of course evidence that might justify
a new trial would not necessarily justify a directed verdict.

 Defendants' next contention is that the granting of
plaintiffs' motion for a new trial upon the grounds of insuffi-
ciency of the evidence was error since there was ample evidence
to support the verdict of the jury. But such is not the rule.
". . . [I]t is only in rare cases showing abuse of discretion
that an appellate court will interfere because the trial judge
must weigh all the evidence and determine the just conclusion
to be drawn therefrom. [Citing case.] It cannot be held that
a trial court has abused its discretion where there is a conflict
in the evidence or where there is any evidence which would
support a judgment in favor of the moving party." (*Hames*
v. *Rust*, 14 Cal.2d 119, 124 [92 P.2d 1010].)

In the instant case the evidence was definitely conflicting
and, as previously noted, would have sustained any one of
several conclusions. Under such circumstances, and absent

any showing of an abuse of discretion, the order of the trial court granting the new trial must be affirmed.

Defendants also contend that plaintiffs failed to prove an open book account and, having so failed, defendants' motion for a nonsuit should have been granted. The bookkeeping system introduced into evidence by defendants was for all practical purposes the same as used in the case of *Thompson* v. *Machado*, 78 Cal.App.2d 870 [178 P.2d 838], where the court held that such a system was sufficient proof of an open book account. ▉ The denial of defendants' motion for a nonsuit not being an appealable order, the same must be dismissed. ▉▉ Here it also should be noted that defendants' appeal from the verdict of the jury, which is not appealable, must be dismissed as must be their appeal from the judgment on the verdict, since that was vacated by the subsequent order of the court. Further, the order granting the motion for a judgment notwithstanding the verdict, not being an appealable order, must likewise be dismissed.

We find nothing in the further contentions made by defendants which warrant further discussion.

The appeal from the order denying defendants' motion for nonsuit, the appeal from the verdict of the jury, the appeal from the judgment on the verdict, and the appeal from the order granting the motion for a judgment notwithstanding the verdict are dismissed. The judgment notwithstanding the verdict is reversed and the order granting a new trial is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.