[Civ. No. 15917. Fourth Dist., Div. Two. Aug. 5, 1976.]

BARRY R. LIPPERT et al., Plaintiffs and Respondents, v.
AVCO COMMUNITY DEVELOPERS, INC., et al.,
Defendants and Appellants.

**COUNSEL**

Fulop, Rolston, Burns & McKittrick, Marvin G. Burns, Lawrence R. Resnick, Edmund S. Schaffer for Defendants and Appellants.

Herbert Hafif, Donald Belveal, Stephen L. Odgers, John W. Elliott, Stephens, Jones, LaFever & Smith, R. Wicks Stephens II and Lawrence D. Lewis for Plaintiffs and Respondents.

## OPINION

**GARDNER, P. J.**—Plaintiffs brought an action in tort against Avco Community Developers, Inc. (Avco), Niguel Homeowners Association, Inc. (Niguel), and Clifford and Amelia Grant. Following a jury trial, a verdict was returned against all defendants for $109,200 actual damages, and against Avco and Niguel for $1 million punitive damages. Judgment having been entered on the verdict, all defendants joined in a timely motion for judgment notwithstanding the verdict and for new trial. The trial judge granted both motions and a new judgment was entered in favor of defendants.

Plaintiffs appealed to this court which, in an unpublished opinion (4 Civ. 15041), reversed the judgment notwithstanding the verdict and the order granting a new trial, and reinstated the judgment on the verdict. Defendants thereupon filed a notice of appeal from the judgment on the verdict, and plaintiffs have now filed a motion to dismiss defendants' appeal on the ground that this court lacks jurisdiction.

Plaintiffs contend, in brief, that defendants' appeal at this late stage of the proceedings should not be heard because defendants could have appealed earlier. Thus the major question is whether the filing of defendants' notice of appeal was timely.

The normal time for appeal from a judgment is 60 days from the date of mailing or service of the notice of entry of judgment. (Rule 2, Cal. Rules of Court.)

In the case at bench, when the judgment on the verdict was originally entered, and defendants were given notice, their time to appeal commenced to run. Rather than appealing immediately, however, defendants chose to pursue relief in the trial court by motions for judgment notwithstanding the verdict and for new trial. This decision is understandable and commendable. Compared to an immediate appeal, the trial court remedies ordinarily are speedier and require a smaller expenditure of public and private resources. Had defendants' motions been denied by the trial judge, defendants could still have filed a timely notice of appeal pursuant to subdivision (a) of rule 3, California Rules of Court.[1]  The judgment notwithstanding the verdict having been

---

[1]Rule 3(a) provides: "When a valid notice of intention to move for a new trial is served and filed by any party and the motion is denied, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after either entry of the order denying the motion or denial thereof by operation of law, but in no event may

granted, however, defendants could not then take a precautionary direct appeal, for the reason that the judgment notwithstanding the verdict vacated the earlier judgment on the verdict, and no appeal lies from a vacated judgment. (*Lantz v. Vai,* 199 Cal. 190, 193 [248 P. 665]; *Ferraro v. Pacific Fin. Corp.,* 8 Cal.App.3d 339, 345 [87 Cal.Rptr. 226]; *Hozz v. Felder,* 167 Cal.App.2d 197, 201 [334 P.2d 159].)

Plaintiffs contend, however, that when they filed their direct appeal from the judgment notwithstanding the verdict and the alternative grant of a new trial defendants should have taken a precautionary cross-appeal.

Cross-appeals are governed by subdivision (c) of rule 3, California Rules of Court, which provided, at the time here pertinent:[2] "When a timely notice of appeal is filed under subdivision (a) of rule 2, or under subdivision (a) or (b) of rule 3, any other party may file a notice of appeal within 20 days after mailing of notification by the superior court clerk of such first appeal or within the time otherwise prescribed by the applicable subdivision, whichever period last expires. If a timely notice of appeal is filed from an order granting a motion for a new trial or granting, within 150 days after entry of judgment, a motion to vacate the judgment or to vacate judgment and enter another and different judgment, any party other than the appellant, within 20 days after mailing of notification by the superior court clerk of such appeal, may file a notice of appeal from the judgment, and on that appeal may present any question which he might have presented on an appeal from the judgment as originally entered."

Careful reading of the somewhat difficult language of this subdivision reveals that it contains no explicit provision for a cross-appeal when an appeal is taken from a judgment notwithstanding the verdict, nor does it contain any ambiguities from which such a provision may properly be implied. This point having been conceded by plaintiffs, we need not belabor it.[3] Plaintiffs argue, however, that rule 3(c) does provide for

such notice of appeal be filed later than 180 days after the date of entry of the judgment whether or not the motion for new trial has been determined."

[2]Subdivision (c) of rule 3 has subsequently been amended but the amendments are not directed to the issue before us here.

[3]We do not mean to imply that it would be unwise to provide for cross-appeals in this situation. Our task is limited to the construction of existing statutes and rules. Therefore, plaintiffs' arguments concerning the beneficial effects of cross-appeals should be addressed to the body charged with amending the rules, the Judicial Council.

cross-appeal on appeal from an order granting a new trial, and consequently in the case at bench plaintiffs' appeal from the alternative grant of a new trial afforded a basis for cross-appeal by defendants.

We find this argument to be without merit. Code of Civil Procedure section 629 provides, in pertinent part, "If the court grants the motion for judgment notwithstanding the verdict . . . and likewise grants the motion for a new trial, the order granting the new trial shall be effective only if, on appeal, the judgment notwithstanding the verdict is reversed, and the order granting a new trial is not appealed from or, if appealed from, is affirmed." ■ The order granting new trial being in the alternative and hence not immediately effective, it could not support a cross-appeal. Moreover, we can conceive of no justification for allowing cross-appeal where both judgment notwithstanding the verdict and, in the alternative, new trial have been granted, but denying it where the judgment notwithstanding the verdict has been granted but new trial has been denied. This would surely be a case of the tail wagging the dog.

We come, then, to the reinstatement of the judgment on the verdict following this court's prior opinion. ■ It is true that for some purposes, such as calculation of post-judgment interest, a reinstated judgment is considered effective from the date of its original entry. (*Espinoza* v. *Rossini,* 257 Cal.App.2d 567, 573 [65 Cal.Rptr. 110].) This rule is not invariable, however, and should not be applied when it will produce manifest injustice. We are guided, therefore, by the principle that a party's right to appeal cannot be cut off by entry of judgment nunc pro tunc, (*Phillips* v. *Phillips,* 41 Cal.2d 869, 875 [264 P.2d 926].) As defendants had no effective right of appeal until the judgment notwithstanding the verdict in their favor was reversed by this court, nunc pro tunc reinstatement of the judgment on the verdict would result in a complete denial of defendants' right to appeal from that judgment. Due to its remedial character the right of appeal is favored by the courts and applicable rules are construed to preserve the right as far as possible. (*Hollister Convalescent Hosp., Inc.* v. *Rico,* 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349].) ■ We conclude that where a judgment notwithstanding the verdict is reversed on appeal, the reinstated judgment on the verdict is a new judgment for purposes of appeal and the time for filing notice of appeal from the reinstated judgment commences to run upon the issuance of remittitur from the appellate court. Accordingly, defendants' notice of appeal was timely filed.

Plaintiffs contend that the "motion to vacate" language in rule 3 can be interpreted to include judgments notwithstanding the verdict. A judgment notwithstanding the verdict is simply not a "motion to vacate the judgment." The case plaintiffs cite in support of this argument fails to support this contention.

*Estate of Corcofingas,* 24 Cal.2d 517 [150 P.2d 194], considered only the question of whether a motion pursuant to Code of Civil Procedure, section 473, constituted a "motion to vacate the judgment" for the purpose of rule 3. While it indicates that "motions to vacate" should be read broadly, it says absolutely nothing about a judgment notwithstanding the verdict. It is rather obvious that the two are not the same. The granting of a motion to vacate a judgment leaves no judgment at all. A judgment notwithstanding the verdict results in a judgment.

Rule 3 speaks of an appeal from an *order granting* a motion to vacate, whereas, *orders granting* motions to vacate judgments notwithstanding the verdict are nonappealable. (*Herman* v. *Shandor,* 8 Cal.App.3d 476, 479-480 [87 Cal.Rptr. 443].) The appeal can only be taken from the judgment notwithstanding the verdict which is subsequently entered.

It is also of interest that the "on any ground" language in rule 3, upon which *Corcofingas* relied, has subsequently been dropped from that rule.

The motion to dismiss the appeal is denied.

Kaufman, J., and Fogg, J.,\* concurred.

A petition for a rehearing was denied September 3, 1976, and the opinion was modified to read as printed above. Respondents' petition for a hearing by the Supreme Court was denied September 29, 1976.

---

\*Retired judge of the superior court sitting under assignment by the Chairman of the Judicia